IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**DELIA I. SOTO,**

       **Plaintiff,**

v.                                                                                    No. CIV-14-0369 LAM

**CAROLYN W. COLVIN, Acting Commissioner
of the Social Security Administration,**

       **Defendant.**

## **MEMORANDUM OPINION AND ORDER**

**THIS MATTER** is before the Court on Plaintiff's *Motion to Reverse and Remand for Rehearing, With Supporting Memorandum (Doc. 14)*, filed December 1, 2014 (hereinafter "motion"). On February 25, 2015, Defendant filed a response to the motion [*Doc. 23*], and, on March 15, 2015, Plaintiff filed a reply [*Doc. 24*]. In accordance with 28 U.S.C. § 636(c)(1) and Fed. R. Civ. P. 73(b), the parties have consented to the undersigned United States Magistrate Judge to conduct all proceedings and enter a final judgment in this case. [*Docs. 16* and *18*]. The Court has considered Plaintiff's motion, Defendant's response, Plaintiff's reply, and the relevant law. Additionally, the Court has meticulously reviewed and considered the entire administrative record. [*Doc. 11*]. For the reasons set forth below, the Court **FINDS** that Plaintiff's motion should be **GRANTED** and the decision of the Commissioner of the Social Security (hereinafter "Commissioner") should be **REMANDED** for further proceedings consistent with this Memorandum Opinion and Order.

## I.  Procedural History

On June 16, 2010, Plaintiff filed applications for Disability Insurance Benefits (hereinafter "DIB") and Supplemental Security Income (hereinafter "SSI"), respectively, alleging that she became disabled on October 29, 2008.  [*Doc. 11-7* at 2-8 and 9-12, respectively].  Plaintiff stated that she became disabled due to diabetes and cirrhosis.  [*Doc. 11-8* at 6].  Both of these applications were denied at the initial level on October 18, 2010 (*see Doc. 11-5* at 2-5 and 6-9, respectively), and each application was denied at the reconsideration level on October 13, 2011 (*id.* at 18-20 and 14-17, respectively).  Pursuant to Plaintiff's request (*id.* at 21-22), Administrative Law Judge Christopher H. Juge (hereinafter "ALJ") conducted a hearing on November 27, 2012.  [*Doc. 11-3* at 30-49].  At the hearing, Plaintiff appeared via videoconference, was represented by an attorney, and testified.  *Id.* at 32-49.[1]

On January 11, 2013, the ALJ issued his decision, finding that, under the relevant sections of the Social Security Act, Plaintiff was not disabled.  *Id.* at 13-22.  Plaintiff requested that the Appeals Council review the ALJ's decision (*id.* at 9), and, on February 26, 2014, the Appeals Council denied Plaintiff's request for review (*id.* at 2-6), which made the ALJ's decision the final decision of the Commissioner.  On April 21, 2014, Plaintiff filed her complaint in this case.  [*Doc. 1*].

## II.  Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied.  *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of*

---

[1]  The Court notes that the ALJ states in his decision that Thomas J. Meunier, Jr., a vocational expert, also appeared at the hearing (*Doc. 11-3* at 13), but the transcript of the hearing does not state that Mr. Meunier was present. The ALJ also states in his decision that Plaintiff is represented by William P. Gordon (*id.*), but Plaintiff is represented by Ronald Harris (*see id.* at 32 and *Doc. 14* at 18).

2

*Health & Human Servs.*, 961 F.2d 1495, 1497–98 (10th Cir. 1992)).  If substantial evidence supports the ALJ's findings and the correct legal standards were applied, the Commissioner's decision stands, and the plaintiff is not entitled to relief.  *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003).  Courts should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for that of the Commissioner.  *Hamlin*, 365 F.3d at 1214; *Langley*, 373 F.3d at 1118.

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted); *Doyal*, 331 F.3d at 760 (citation and quotation marks omitted).  An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it."  *Langley*, 373 F.3d at 1118 (citation and quotation marks omitted); *Hamlin*, 365 F.3d at 1214 (citation and quotation marks omitted).  While a court may not re-weigh the evidence or try the issues *de novo*, its examination of the record as a whole must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met."  *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citations omitted).  "The possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence."  *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (citing *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)).

### III. Applicable Law and Sequential Evaluation Process

For purposes of DIB and SSI, a person establishes a disability when he or she is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505(a), 416.905(a). In light of this definition for disability, a five-step sequential evaluation process (SEP) has been established for evaluating a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987). At the first four steps of the SEP, the claimant has the burden to show that: (1) the claimant is not engaged in "substantial gainful activity;" and (2) the claimant has a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) the claimant's impairment(s) either meet(s) or equal(s) one of the "Listings" of presumptively disabling impairments; or (4) the claimant is unable to perform his "past relevant work." 20 C.F.R. §§ 404.1520(a)(4)(i–iv), 416.920(a)(4)(i–iv); *Grogan*, 399 F.3d at 1261. At the fifth step of the evaluation process, the burden of proof shifts to the Commissioner to show that the claimant is able to perform other work in the national economy, considering his residual functional capacity (hereinafter "RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### IV.   Plaintiff's Age, Education, Work Experience, and Medical History; and the ALJ's Decision

Plaintiff was born on November 10, 1960. [*Doc. 11-7* at 2]. Plaintiff has worked in janitorial services and in a factory. [*Doc. 11-8* at 7]. Plaintiff alleges that she is unable to work due to diabetes and cirrhosis. *Id.* at 6. Plaintiff's medical records include: a Psychiatric Review Technique by Paul Cherry, Ph.D., dated October 13, 2010 (*Doc. 11-10* at 45-58); two Physical

4

Residual Functional Capacity Assessments, one by Mary Lanette Rees, M.D., dated October 18, 2010 (*id.* at 59-66), and one by Michael Slager, M.D., dated September 1, 2011 (*Doc. 11-12* at 2-9); a Case Analysis by Pauline Hightower, Psy.D., dated September 28, 2011 (*id.* at 10); and treatment notes from St. Luke's Health Care Clinic and Carlsbad Medical Center (*Doc. 11-10* at 38, *Doc. 11-11* at 2, and *Doc. 11-16* at 11).  Where relevant, Plaintiff's medical records are discussed in more detail below.

At step one of the five-step evaluation process, the ALJ found that Plaintiff has not engaged in substantial gainful activity since Plaintiff's alleged disability onset date of October 29, 2008.  [*Doc. 11-3* at 15].  At step two, the ALJ found that Plaintiff has the following severe impairments: diabetes mellitus and cirrhosis.  *Id.*  At the third step, the ALJ found that Plaintiff does not have an impairment or combination of impairments that met or medically equaled any of the Listings found in 20 C.F.R. § 404, Subpt. P, Appx. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).  *Id.* at 17.

Before step four, the ALJ determined that Plaintiff has the RFC to perform the full range of medium work as defined in 20 C.F.R. §§ 404.1567(c) and 416.967(c).  *Id.* at 18.  In support of the RFC finding, the ALJ stated that Plaintiff's "medically determinable impairments could reasonably be expected to cause some of the alleged symptoms; however, [Plaintiff's] statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible for the reasons explained in this decision."  *Id.* at 19.  The ALJ found that the medical evidence showed that Plaintiff was "feeling good, happy in her relationships, and ignoring the recommended treatment for diabetes mellitus including diet, exercise, cutting carbohydrates in half, avoiding candy, checking her sugar and taking her medications."  *Id.* at 20.  The ALJ further found that Plaintiff "ignored healthy behaviors for cirrhosis (*i.e.*, stop drinking and

smoking)," and that Plaintiffs "testimony involved shifting stories and was not credible." *Id.* The ALJ stated that she gave great weight to the state agency medical consultant's Physical RFC Assessment because it is consistent with the evidence in the record. *Id.* (citing Dr. Rees' assessment at *Doc. 11-10* at 59-66). At step four, the ALJ found that Plaintiff is unable to perform any of her past relevant work, so the ALJ proceeded to the fifth step. [*Doc. 11-3* at 21].

At the fifth and final step, the ALJ noted that Plaintiff was born on November 10, 1960, so she was 47 years old on the alleged disability onset date, which the ALJ stated is defined as an individual approaching advanced age. *Id.*[2] The ALJ noted that Plaintiff has at least a high school education and is able to communicate in English. *Id.* The ALJ stated that "[t]ransferability of job skills is not material to the determination of disability because applying the Medical-Vocational Rules directly supports a finding [that Plaintiff is] 'not disabled,' whether or not [Plaintiff] has transferable job skills." *Id.* (citing Soc. Sec. Rep. 82-41 and 20 C.F.R. Part 404, Subpart P, Appendix 2). The ALJ found that, based on a RFC for the full range of medium work, and considering Plaintiff's age, education, and work experience, a finding of "not disabled" is directed by Medical-Vocation Rule 203.22. *Id.* The ALJ, therefore, determined that Plaintiff was not disabled within the meaning of the Social Security Act. *Id.* at 22.

## V.   Analysis

In her motion to reverse or remand, Plaintiff contends that the ALJ erred in his RFC assessment by failing to consider the opinion of Dr. Michael Slager (*Doc. 14* at 10), and by failing to include Plaintiff's need to frequently use the restroom (*id.* at 10-11). Plaintiff also contends that the ALJ erred by failing to obtain testimony from a vocational expert regarding Plaintiff's

---

[2] The Court notes that the ALJ is incorrect in this statement because a 47-year-old is defined as a younger individual, not an individual closely approaching advanced age. *See* 20 C.F.R. §§ 404.1563(c) and 416.963(c). This misstatement does not appear to have affected the ALJ's determination.

6

environmental and postural limitations (*id.* at 16), and by failing to comply with Soc. Sec. Rep. 82-59 regarding Plaintiff's compliance with prescribed treatment (*id.* at 16-18). In response, Defendant contends that the ALJ reasonably found that Plaintiff could perform medium work, properly considered the opinion evidence in the record, and reasonably relied on the grids in finding that Plaintiff was not disabled. [*Doc. 23* at 9-16].

### A.   Dr. Slager's Opinion

Plaintiff first contends that the ALJ erred by relying on the opinion of Dr. Rees while failing to consider the opinion of Dr. Slager. [*Doc. 14* at 10]. In response, Defendant states that the ALJ considered Dr. Slager's opinion, and that "[w]hile it is true that the ALJ did not explicitly state why he credited Dr. Rees's opinion over Dr. Slager's opinion when he found that Plaintiff could perform medium work, any such omission was harmless, as the ALJ's decision makes clear that he considered the record as a whole and reasonably found that Plaintiff could perform medium work." [*Doc. 23* at 14]. Defendant also contends that, even if the ALJ had given more weight to Dr. Slager's opinion than to Dr. Rees's opinion, the grids would have still directed a finding that Plaintiff was not disabled, so any error by the ALJ was harmless. *Id.* In her reply, Plaintiff contends that the ALJ erred by failing to consider Dr. Slager's opinion that Plaintiff could not perform more than a light level of work with postural limitations, and that this failure is not harmless. [*Doc. 24* at 2-4].

The findings of state agency medical or psychological consultants are not binding on an ALJ; however, they are medical opinion evidence which an ALJ must consider, except as to the ultimate determination of whether a claimant is disabled. *See* 20 C.F.R. §§ 404.1527(e)(2)(i), 416.927(e)(2)(i). Here, Dr. Slager opined that Plaintiff has occasional postural limitations in climbing ramps and stairs and in stooping, and has frequent postural limitations in balancing,

7

kneeling, crouching, and crawling.  [*Doc. 11-12* at 4].  He opined that Plaintiff should not do more than light level work with these postural limitations.  *Id.*  In addition, Dr. Slager opined that Plaintiff should avoid concentrated exposure to extreme cold, extreme heat, humidity, and vibration, and should avoid hazards such as machinery and heights.  *Id.* at 6.  In his opinion, the ALJ does not discuss Dr. Slager's findings, and, instead, only discusses the opinion of Dr. Rees, which does not include most of the limitations found by Dr. Slager.  *See* [*Doc. 11-13* at 20] (citing *Doc. 11-10* at 59-66).  Moreover, the ALJ's RFC determination does not account for Dr. Slager's findings regarding Plaintiff's postural and environmental limitations.  Since Dr. Slager's findings are not accounted for in the ALJ's RFC determination, and the ALJ failed to explain why he rejected them, the Court finds that the ALJ erred with regard to his consideration of the evidence from Dr. Slager.  *See Haga v. Astrue*, 482 F.3d 1205, 1208 (10th Cir. 2007) (explaining that an ALJ must explain why even moderate limitations are rejected when they conflict with the ALJ's RFC assessment); *see also Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (explaining that an ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence") (citation and internal quotation marks omitted), and Soc. Sec. Rep. 96-8p, 1996 WL 374184 at *7 ("The RFC assessment must always consider and address medical source opinions.  If the RFC assessment conflicts with an opinion from a medical source, the adjudicator must explain why the opinion was not adopted.").  The Court, therefore, instructs the ALJ that, on remand, the ALJ shall either incorporate Dr. Slager's findings into Plaintiff's RFC assessment, or sufficiently explain why they are rejected.

### B.   Plaintiff's Need for Frequent Breaks

Next, Plaintiff contends that the ALJ erred in his RFC determination by failing to include a limitation based on Plaintiff's testimony that she needs to take frequent restroom breaks.

[*Doc. 14* at 10-11].   In response, Defendant contends that the ALJ relied on all of the treatment notes of record in finding that Plaintiff's claims of constant bleeding requiring frequent use of the bathroom were not supported by the record.   [*Doc. 23* at 12].   In reply, Plaintiff contends that the ALJ incorrectly stated that the medical evidence did not support Plaintiff's claim that she is unable to work due to constant bleeding, and provides citations to evidence in the record supporting Plaintiff's claim.   [*Doc. 24* at 4-5].

A claimant's RFC is based on how the claimant's physical and mental limitations affect the claimant's ability to work, and is "the most [a claimant] can still do despite [those] limitations." 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1); *see also* Soc. Sec. Rep. 96-8p, 1996 WL 374184 at *2 ("RFC is what an individual can still do despite his or her limitations.").   The ALJ must base the RFC assessment on all of the relevant evidence in the record, such as medical history, laboratory findings, effects of treatment and symptoms, including pain, reports of daily activities, lay evidence, recorded observations, medical source statements, evidence from attempts to work, need for a structured living environment, and work evaluations, if any.   Soc. Sec. Rep. 96-8p at *5. "The RFC assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations)."   *Id.* at *7.   The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved," and the RFC assessment must always consider and address medical source opinions.   *Id.* Because the ALJ must consider the whole record, he is prohibited from picking and choosing "among medical reports, using portions of evidence favorable to his position while ignoring other evidence."   *Carpenter v. Astrue*, 537 F.3d 1264, 1265 (10th Cir. 2008) (citation and internal quotation marks omitted).

Here, the ALJ noted that Plaintiff testified that she was unable to work because she had to use the restroom frequently due to constant bleeding, but the ALJ then stated that this testimony was not supported by the medical evidence in the record and that there was no evidence from when Plaintiff was in jail to show that she had constant bleeding while she was in jail.  *See* [*Doc. 11-3* at 20].  The record, however, shows that, on August 11, 2010, Plaintiff was assessed with severe anemia "most likely due to iron deficiency from heavy menses - which could be due to [decreased platelets] from chronic liver disease," and thrombocytopenia [3] (*Doc. 11-10* at 38), and that on December 30, 2010 Plaintiff complained of a large amount of vaginal bleeding for two months (*Doc. 11-11* at 2), and on November 5, 2012 she complained of bleeding almost every day for one year (*Doc. 11-16* at 11).  The ALJ's failure to state whether he considered this evidence, and his failure to explain why he rejected it, is legal error.  *See* Soc. Sec. Rep. 96-8p at *7 (The ALJ "must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved"); *see also Carpenter*, 537 F.3d at 1265 (An ALJ may not "pick and choose among medical reports, using portions of evidence favorable to his position while ignoring other evidence.").  Therefore, the Court finds that on remand the ALJ shall consider the evidence supporting Plaintiff's complaints of needing frequent breaks in accordance with Soc. Sec. Rep. 96-8p.

### C.  Plaintiff's Remaining Claims

Because the Court finds that Plaintiff's case should be remanded for further consideration of Dr. Slager's opinion and the evidence supporting Plaintiff's testimony regarding needing frequent breaks, the Court finds that it is unnecessary to reach Plaintiff's remaining claims

---

[3]  Anemia is defined as "[a]ny condition in which the number of red blood cells . . ., the amount of hemoglobin . . ., and/or the volume of packed red blood cells . . . are less than normal," and thrombocytopenia is "[a] condition in which there is an abnormally small number of platelets in the circulating blood."  *Stedman's Medical Dictionary* (27th ed., Lippincott Williams & Wilkins 2000) at 73 and 1831, respectively.

regarding whether ALJ erred by failing to obtain testimony from a vocational expert or in his finding that Plaintiff failed to comply with prescribed treatment, because those claims may be affected by the ALJ's findings on remand. *See Robinson*, 366 F.3d at 1085 (declining to reach the claimant's step-five claims because they may be affected by the ALJ's resolution of the case on remand) and *Lopez v. Astrue*, No. 09-2187, 371 Fed. Appx. 887, 889 and 892 n.6, 2010 WL 1172610 (10th Cir. March 29, 2010) (unpublished) (after finding that the ALJ erred by failing to articulate what weight she gave to the treating physicians' opinions, the Tenth Circuit declined to reach claims regarding the ALJ's reliance on the vocational expert's testimony, the ALJ's credibility assessment, and the claimant's subjective complaints of pain, because those issues may be affected by the ALJ's treatment of the case on remand) (citing *Robinson*, 366 F.3d at 1085).

## VI.   Conclusion

For the reasons stated above, the Court **FINDS** that the Commissioner's decision should be remanded to properly consider Dr. Slager's opinion and the evidence supporting Plaintiff's testimony regarding needing frequent breaks, as set forth above.

**IT IS THEREFORE ORDERED** that, for the reasons stated above, Plaintiff's *Motion to Reverse and Remand for Rehearing, With Supporting Memorandum (Doc. 14)* is **GRANTED** and this case is **REMANDED** to the Commissioner for further proceedings consistent with this Memorandum Opinion and Order. A final order will be entered concurrently with this Memorandum Opinion and Order.

**IT IS SO ORDERED.**

_____
**THE HONORABLE LOURDES A. MARTÍNEZ
UNITED STATES MAGISTRATE JUDGE
Presiding by Consent**