## IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF NEW MEXICO

**DELIA I. SOTO,**

        **Plaintiff,**

**v.**                          **No. CIV-14-0369 LAM**

**CAROLYN W. COLVIN, Acting Commissioner**
**of the Social Security Administration,**

        **Defendant.**

## <u>ORDER GRANTING IN PART PLAINTIFF'S MOTION FOR EAJA FEES</u>

**THIS MATTER** is before the Court on Plaintiff's ***Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d)*** *(Doc. 27)*, filed July 20, 2015. The Commissioner filed a response to the motion on July 27, 2015. [*Doc. 28*]. No reply to the motion has been filed and the time for doing so has passed. In her motion, Plaintiff asks the Court for an award of attorney fees in the amount of **$7,030.00** as authorized by the Equal Access to Justice Act (hereinafter "EAJA") at 28 U.S.C. § 2412(d). [*Doc. 27 at 1*]. In response to the motion, the Commissioner states that she does not object to Plaintiff's request on substantial justification grounds; however, the Commissioner contends that the number of hours requested by Plaintiff is excessive and should be reduced to a more reasonable number. [*Doc 28 at 1*]. Having considered the motion, response, the record in this case, and relevant law, the Court **FINDS** that the motion shall be **GRANTED in part** and **DENIED in part**.

The Commissioner contends that Plaintiff's fee request is excessive because the case does not involve a voluminous record or complex issues at law, and Plaintiff did not make any unusual arguments that required significant legal research. [*Doc. 28 at 3*]. The Commissioner further

contends that the hours Plaintiff's counsel spent drafting the opening brief (19.9 hours) is excessive because the same arguments in that brief were raised in Plaintiff's brief to the Appeals Council, which was drafted by the same attorney. *Id.* The Commissioner, therefore, asks the Court to reduce the compensable hours by Plaintiff's counsel from 37 to 25, so that Plaintiff's counsel will be compensated $4,750.00 instead of the requested $7,030.00. *Id.* at 4.

EAJA provides the award of "fees and other expenses, in addition to any costs awarded pursuant to subsection (a)." 28 U.S.C. § 2412(d)(1)(A). "In awarding fees under the EAJA, however, [courts] have a special responsibility to ensure that taxpayers are required to reimburse prevailing parties for only those fees and expenses actually needed to achieve the favorable result." *Role Models America, Inc. v. Brownlee*, 353 F.3d 962, 975 (D.C. Cir. 2004). The Tenth Circuit recognizes that attorneys typically do not bill a client for every hour expended in litigation, and they should exercise billing judgment regarding the amount of hours actually billed. *See Ellis v. Univ. of Kan. Med. Ctr.*, 163 F.3d 1186, 1202 (10th Cir. 1998). To show appropriate billing judgment, an attorney should make a good-faith effort to exclude those hours from the request that are excessive, redundant, or otherwise unnecessary. *See id.* The Court has a corresponding obligation to exclude hours not reasonably expended from the calculation. *See id.*

Here, Plaintiff's counsel spent approximately twenty (20) hours preparing the motion to reverse or remand. *See [Doc. 27-1* at 3-4]. In Plaintiff's motion to reverse or remand, Plaintiff contended that the ALJ erred in his RFC assessment by failing to consider the opinion of Dr. Michael Slager (*Doc. 14* at 10), and by failing to include Plaintiff's need to frequently use the restroom (*id.* at 10-11). Plaintiff also contended that the ALJ erred by failing to obtain testimony from a vocational expert regarding Plaintiff's environmental and postural limitations (*id.* at 16), and by failing to comply with Soc. Sec. Rep. 82-59 regarding Plaintiff's compliance with

prescribed treatment (*id.* at 16-18).   The Court disagrees with the Commissioner that Plaintiff's counsel's stated hours for preparing the motion to reverse or remand are excessive.   The Court notes that the motion contained four arguments that Plaintiff's counsel presented in seven pages of briefing, including substantial citations in support.   *See* [*Doc. 14* at 9-17] (the Court notes that pages 14 and 15 of the brief are blank).   Moreover, while the Commissioner contends that the arguments raised in Plaintiff's motion to reverse or remand are "largely the same arguments" in Plaintiff's letter to the Appeals Council (*Doc. 28* at 3), Plaintiff's motion to reverse or remand includes more fleshed-out arguments and multiple citations that are not included in Plaintiff's letter to the Appeals Council.   *Compare* [*Doc. 14* at 9-17] *with* [*Doc. 11-9* at 40-43].   The letter to the Appeals Council does not include all of Plaintiff's claims in her motion to reverse or remand, such as her claims regarding needing frequent breaks and failure to obtain proper testimony from the Vocational Expert, and the letter is largely composed of long quotations from the ALJ's decision and from Plaintiff's doctor's opinions.   *See* [*Doc. 11-9* at 41].   The Court notes that EAJA allows the Court "in its discretion, [to] reduce the amount to be awarded pursuant to this subsection, or deny an award, to the extent that the prevailing party during the course of the proceedings engaged in conduct which unduly and unreasonably protracted the final resolution of the matter in controversy."   28 U.S.C. § 2412(d)(1)(C); *see also* 28 U.S.C. § 2412(d)(2)(D) (precluding the award of fees or expenses "to a party for any portion of the litigation in which the party has unreasonably protracted the proceedings").   The Commissioner does not allege, and the Court finds no evidence, that Plaintiff engaged in conduct that unduly or unreasonably protracted the final resolution of this matter.   For these reasons, the Court finds that the Commissioner's request to reduce Plaintiff's attorney fees for time unreasonably expended should be denied.

Even though the Court finds that Plaintiff's counsel's time was not unreasonably expended on the motion to reverse or remand, the Court nevertheless finds that Plaintiff's counsel has improperly billed for clerical work and for an unreasonable amount of time spent on the motion for EAJA fees.   While the United States Supreme Court has held that paralegal services are compensable under EAJA (*see Richlin Security Serv. Co. v. Chertoff*, 553 U.S. 571, 590 (2008)), purely clerical work and overhead expenses are not covered paralegal services and are not compensable under EAJA (*see Gatson v. Bowen*, 854 F.2d 379, 381 (10th Cir. 1988) (remanding EAJA fees petition to district court to determine, *inter alia*, which billings are "clerical rather than legal") and *Dalles Irrigation Dist. v. United States*, 91 Fed. Cl. 689, 708 (2010) ("[T]he filing of pleadings is considered clerical work" and, therefore, is not compensable under EAJA.)).   The Court finds that some of the work for which Plaintiff's counsel has billed, such as preparing the retention letter and fee agreement, filing pleadings and documents with the Court, sending summons to the Clerk, and an unsuccessful attempt to phone the client, is purely clerical work. *See* [*Doc. 27-1* at 3-4].   The Court also finds that Plaintiff's counsel billed an excessive number of hours for preparation of the motion for EAJA fees.   *See id.* at 4.   The Court, therefore, will reduce Plaintiff's counsel's requested fee by 2.9 hours of his time at the rate of $190.00 per hour, for a reduction of **$551.00**.   The specific reductions from Plaintiff's counsel's "Time and Expense Summary" (*Doc. 27-1* at 3-4) are as follows, with the underlined descriptions representing the noncompensable billings, and the appropriate reductions in parentheses:[1]

3/31/14   Telephone conference with client re: appeal to USDC; preparation of retention letter and fee agreement, EAJA Agreement; work on Complaint………….…….0.8        (-0.4)

4/21/14   Further work on Complaint; preparation of IFP application; attention to filing of Complaint, IFP application and cover sheet; attention to correspondence from Court Clerk …………………………………………………………………………..0.6        (-0.3)

---

[1] Since Plaintiff's counsel failed to itemize the time spent for each task and, instead, provided only a total time spent for all tasks per day, the Court estimated the time spent on the items the Court is deducting from the bill.

4

4/30/14   Preparation of consent to proceed before Magistrate Scott; preparation of summons; <u>summons sent to Court Clerk for issuance</u>……………………………...0.6      (-0.2)

5/1/14   Attention to correspondence, receipt of issued summons; <u>attention to service of summons on Defendant</u> ……………………………………………………...0.6      (-0.3)

10/1/14   Attention to correspondence; <u>order setting briefing schedule</u> …..0.2      (-0.1)

12/1/14   Further work on Motion; <u>attention to filing of Motion</u> …………1.4      (-0.3)

12/30/14   Preparation and <u>filing of consent to proceed before Magistrate Martinez</u> …………………………………………………………………..……..0.3      (-0.2)

3/15/15   Further work on and <u>attention to filing of Reply brief</u>…..………1.8      (-0.3)

6/29/15   Receipt and review of Memorandum Opinion and Order; <u>unsuccessful attempt to telephone client</u>; preparation of letter to client……………………………………...0.5      (-0.2)

7/20/15   Attention to correspondence from attorney Holland; <u>further work on Motion for Attorney Fees</u>; preparation of attorney affidavit, memorandum in support of motion for attorney fees and proposed order; <u>attention to filing of documents pertaining to EAJA attorney fees</u> …………………………………………………………………………….…...1.4      (-0.6)
_____
                                                                                    **Total reductions:    (-2.9)**

     **IT IS THEREFORE ORDERED**, for the reasons stated above, that Plaintiff's ***Motion for Award of Attorney Fees Pursuant to the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (Doc. 27)*** is **GRANTED in part** and **DENIED in part**, and that Plaintiff's fee request is reduced by **$551.00** so that Plaintiff is authorized to receive **$6,479.00** in attorney fees for payment to her attorney for services before this Court, as permitted by the Equal Access to Justice Act, 28 U.S.C. § 2412, and in accordance with *Manning v. Astrue*, 510 F.3d 1246, 1255 (10th Cir. 2007).

     **IT IS FURTHER RECOMMENDED** that, if Plaintiff's counsel is ultimately granted attorney fees pursuant to 42 U.S.C. § 406(b) of the Social Security Act, Plaintiff's attorney shall refund the smaller award to Plaintiff pursuant to *Astrue v. Ratliff*, 560 U.S. 586, 596 n.4 (2010) (explaining that, if a claimant's counsel is ultimately granted attorney fees under § 406(b) out of

the claimant's benefit award, the claimant's attorney must refund to the claimant the amount of the smaller fee).

**IT IS SO ORDERED.**

**LOURDES A. MARTÍNEZ**
**UNITED STATES MAGISTRATE JUDGE**